

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 10, 1974

The Honorable Mark White
Office of the Secretary of State
Austin, Texas

Dear Secretary White:

Opinion No. H- 396

Re:  Certification of political
     parties pursuant to Art.
     13.45, Subd. 2, Texas
     Election Code.

Subdivision 2 of Article 13.45 of the Texas Election Code provides a means for (a) political parties whose nominee for governor in the last general election received less than 2 per cent of the total vote cast, or (b) a new party, or (c) a previously existing party that had no candidate for governor in the last election, to nominate candidates for state-wide and local elections by nomination at a convention. However, it requires as a condition to having the names of such candidates printed on the official ballot, that a list of the participants in the precinct conventions be filed with your office within 20 days after the party's state convention. The list, to be filed by the temporary chairman of each precinct convention, must aggregate at least one per cent of the total votes cast for governor in the last preceding general election. If there are insufficient names on the precinct lists, they are to be supplemented by a petition requesting that the party's name be printed on the ballot.

The statute requires that: (1) the precinct list and the supplemental petition show the name, address and registration certificate number of each signer; (2) no person who voted that year in any primary or participated in any convention of any other party shall be eligible to sign; and (3) to each signer there must be administered an oath as to the facts.

At the time you certify to the county clerks of the State the list of candidates to be on the general ballot, as required by Art. 1.03 of the Election Code, you are required by Art. 13.45, Subd. 2, to certify the names of the parties subject to that subdivision which had complied with its requirements.

You have asked:

1) May the Secretary of State adopt reasonable means to ascertain if those citizens signing petitions pursuant to Article 13.45, subd. 2, Vernon's Texas Election Code are legally registered voters?

2) May the Secretary of State utilize methods of statistical sampling to ascertain if those citizens signing the petitions pursuant to Art. 13.45, subd. 2 are legally registered voters?

It is now well established in our law that the officer charged with certifying the petition performs a judicial and not a ministerial function. City of El Paso v. Tuck, 282 S.W.2d 764 (Tex. Civ. App., El Paso 1955, writ ref'd., n.r.e.) cert. den., 352 U.S. 828 .

Such officer may adopt any means he believes to be right and proper to ascertain the qualifications of those signing the petition and his decision will not be disturbed in the absence of fraud or arbitrariness. Akers v. Remington, 115 S.W.2d 714 (Tex. Civ. App., Fort Worth 1938, writ dism.); City of El Paso v. Tuck, supra; Attorney General Opinions O-488 (1939); O-7218 (1946); C-263 (1964); H-199 (1974).

We therefore answer your first question in the affirmative. As Secretary of State, you not only may, but you must, adopt reasonable means to ascertain if those who sign petitions required by Subdivision 2 of Article 13.45 of the Texas Election Code are legally registered voters.

What are reasonable means may vary according to the circumstances. Whether statistical sampling will satisfy the requirement will depend upon your satisfaction that an actual examination of each signature is impossible and that the sample is sufficiently large and is chosen in such a way that it will reflect the status of all signers within a close degree of reliability. No particular petition or sampling method is before us, and we have neither the facts nor the expertise to determine whether a specific sampling method in a specific instance is proper.

We therefore answer your second question that, although the normal and preferred method would be an actual counting of the signatures, where circumstances indicate its necessity, you are not necessarily precluded from utilizing methods of statistical sampling to ascertain if those signing the petitions filed pursuant to Subdivision 2 of Article 13.45 of the Election Code are, in fact,legally registered voters.

### SUMMARY

The Secretary of State, in determining whether persons signing petitions pursuant to Subdivision 2 of Article 13.45 of the Election Code are legally registered voters, may adopt such reasonable means as he feels will be right and proper. In some circumstances the use of statistical sampling may be permissible.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee